1 | AN NGUYEN RUDA (SBN 215453)
   | aruda@bartkolaw.com
2 | JOSIAH R. JENKINS (SBN 332418)
   | jjenkins@bartkolaw.com
3 | RAMANPREET K. DHERI (SBN 322355)
   | rdheri@bartkolaw.com
4 | BARTKO LLP
   | One Embarcadero Center, Suite 800
5 | San Francisco, California 94111
   | Telephone: (415) 956-1900
6 | Facsimile:  (415) 956-1152

7 | Attorneys for Defendant
   | JOHN MUIR HEALTH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| RON HOGAN, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN MUIR HEALTH, a California nonprofit corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  4:24-cv-953<br><br>**DEFENDANT JOHN MUIR HEALTH'S NOTICE OF REMOVAL** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant John Muir Health ("JMH") seeks removal of civil case number C24-00052, from the Superior Court of California, County of Contra Costa. Defendant is the sole named Defendant in this Action.

Removal of this action is proper pursuant to 28 U.S.C. sections 1331, 1441, and 1446 and this Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. sections 1367 and 1441, and in support thereof, Defendant alleges the following:

## I. TIMELINESS OF REMOVAL

1. On or about January 8, 2024, Plaintiff Ron Hogan (hereafter, "Plaintiff") filed suit against JMH in the Superior Court of California, County of Contra Costa. (Attached hereto as "Exhibit 1" is a true a correct copy of Plaintiff's Complaint).

2. Service of the Complaint was effectuated on JMH on January 18, 2024.

3. A Notice of Removal is timely filed within thirty days of the valid service of a complaint. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (service of process is the official trigger for responsive action). Thirty days have not elapsed since January 18, 2024 and, as such, the removal of this matter is timely.

## II. VENUE

4. Venue is proper in the United States District Court for the Northern District of California because 28 U.S.C. section 1441(a) states, in part "any civil action … may be removed … to the district court of the United States for the district and division embracing the place where such action is pending." The Superior Court of California, County of Contra Costa, is located within the jurisdiction of the United States District Court for the Northern District of California.

## III. FACTUAL BACKGROUND

5. Plaintiff has been employed by JMH since February 1, 2021. (Declaration of Leslie Yewell ("Yewell Decl."), ¶ 4, attached hereto as Exhibit 5).

6. During all relevant periods, Plaintiff has been employed as a "Stationary Engineer." (Ex. 5, Yewell Decl., ¶ 4).

7. As a Stationary Engineer, Plaintiff is a member of and represented by a labor organization, the International Union of Operating Stationary Engineers Local 39 ("Union") and his employment has at all times been governed by a collective bargaining agreement ("CBA"). (Ex. 5, Yewell Decl., ¶ 5).

8. A true and correct copy of the Collective Bargaining Agreement by and between John Muir Medical Center / Concord Campus and the International Union of Operating Engineers, Stationary Engineers Local 39, Effective from November 1, 2020 to October 31, 2024 (the "2020 CBA") is attached to the Declaration of Leslie Yewell as Exhibit A.

10.    Plaintiff's employment has been governed by the 2020 CBA at all times during his employment. (Ex. 5, Yewell Decl., ¶ 7).

11.    The 2020 CBA provides for wages, hours of work, and working conditions of bargaining unit employees. (*See* Ex. 5, Yewell Decl. Ex. A, 2020 CBA, pp. 3-12, 21-22). The 2020 CBA also provides premium wage rates for all overtime hours worked. (*See* Ex. 5Yewell Decl. Ex. A, CBA, 2020 CBA, pp. 9-10).

12.    The lowest regular hourly rates provided in the 2020 CBA were $31.77 per hour in 2021, $32.73 per hour in 2022, $33.70 per hour in 2023, and $34.72 per hour in 2024. (Ex. 5, Yewell Decl., Ex. A, 2020 CBA, pp. 7-8).

13.    In his Complaint, Plaintiff alleges that JMH did not comply with various provisions of the California Labor Code, and he seeks to represent a putative class of employees consisting of "All individuals employed by Defendants at any time during the period of four (4) years prior to the filing of this lawsuit and ending on a date as determined by the Court ('the Class Period'), and who have been employed as non-exempt hourly employees by Defendants within the State of California." (Complaint, ¶ 45). The Complaint provides further that this definition "includes all types of stationary and maintenance engineers and those in similar and related positions." (Complaint, ¶ 45).

14.    Plaintiff alleges eleven causes of action pertaining to alleged wage and hour violations. Plaintiff's second cause of action is for "Failure to Pay Wages and Overtime Under Labor Code § 510."

15.    Plaintiff's fifth, sixth, seventh, eighth, ninth, and eleventh causes of action are, at least in part, derivative of his overtime cause of action, in that they are premised on proving violations of state overtime laws. (*See* Complaint ¶¶ 96, 104, 108, 115, 132-36).

## IV.    EXISTENCE OF FEDERAL QUESTION JURISDICTION

16.    This action is being removed on the basis that this Court has original jurisdiction over this action, pursuant to 28 U.S.C. § 1331. Accordingly, this action is removable to this Court under 28 U.S.C. §1441(a). *See Polo v. Innoventions, Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

17. Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, vests the United States district courts with original jurisdiction over any action brought for violations of a contract between an employer and a labor organization representing employees in an industry affecting commerce.

18. Collective bargaining agreements are a proper subject of judicial notice. *Johnson v. Sky Chefs, Inc.*, No. 11-CV-05619-LHK, 2012 WL 4483225, at *1, fn. 1 (N.D. Cal. Sept. 27, 2012) ("[c]ourts routinely take judicial notice of the governing collective bargaining agreement where necessary to resolve issues of preemption"). The fact that the Complaint does not allege the existence of a CBA is irrelevant and does not preclude removal. *See Fristoe v. Reynolds Metals Co.* 615 F.2d 1209, 1212 (9th Cir. 1980) ("[m]ere omission of reference to Section 301 in the complaint does not preclude federal subject matter jurisdiction.").

19. At all relevant times, Plaintiff has been represented by Union and employed pursuant to a CBA. The Union is a labor organization that represents employees in an industry affecting commerce, as defined in the LMRA. *See* 29 U.S.C. § 141, *et seq*.

20. In this action, evaluation of Plaintiff's state law claims is inextricably intertwined with consideration of the terms of the applicable CBA.

21. Section 301 of the LMRA has an "unusually 'powerful' pre-emptive force." *Ben. Nat'l Bank v. Anderson,* 539 U.S. 1, 7 (2003). The statute preempts state law and authorizes removal of actions even when a plaintiff seeks relief "only under state law." *Id*. at 6-7 (citing *Avco Corp. v. Aero Lodge No.,* 390 U.S. 557 (1968)).

22. JMH may remove this action pursuant to 28 U.S.C. §1441(a) because it asserts a cause of action that arises under the LMRA and federal law. See *Caterpillar Inc. v. Williams* 482 U.S. 386, 393 (1987) ("any claim purportedly based on [a] pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law"); *Milne Employees Ass'n v. Sun Carriers, Inc.* 960 F.2d 1401, 1406 (9th Cir. 1991) ("if a state law claim is completely preempted by a federal statute such as section 301, the state law cause of action necessarily becomes a federal one and can be removed").

23. Section 301 of the LMRA preempts state law claims in either of two scenarios.

First, Section 301 preempts any claim that "exists solely as a result of the CBA." *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (*quoting Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016)). Second, Section 301of the LMRA preempts any state law claim that turns on the interpretation of the CBA. *Id.* at 1153; *see also Allis- Chalmers Corp. v. Lueck,* 471 U.S. 202, 220 (1985).

24. Plaintiff's second cause of action for "Failure to Pay Wages and Overtime Under Labor Code § 510" is preempted by the LMRA because Plaintiff is not covered by Labor Code section 510 and his entitlement to overtime exists solely as a result of the CBA. *See Irwin*, 913 F.3d at 1153-1154. Specifically, Labor Code section 514 provides that Labor Code section 510's overtime requirements "do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage."

25. The 2020 CBA met the requirements set out in Labor Code section 514. It provides for wages, hours of work, and working condition requirements for covered employees. (*See* Yewell Decl. Ex. A, 2020 CBA, pp. 3-12, 21-22). The CBA also for provides for premium wage rates for all overtime hours worked and for a regular hourly rate of pay in excess of 30% of the state minimum wage. (*See* Ex. 5, Yewell Decl. Ex. A, 2020 CBA, pp. 7-8, 9-10); *see also* Cal. Labor Code § 1182.12(b)(1) (setting out state minimum wage).

26. Plaintiff's sixth, seventh, eighth, ninth, and eleventh causes of action are preempted by section 301 of the LMRA to the extent that they are derivative of Plaintiff's preempted overtime claims. *See Estrada v. Kaiser Found. Hosps.*, 678 Fed. Appx. 494, 497 (9th Cir. 2017) (finding Unfair Competition Law failed where it was derivative of preempted claims); *Jimenez v. Young's Mkt. Co., LLC*, 2021 WL 5999082, at *13 (N.D. Cal. Dec. 20, 2021) (finding derivative claims of failure to pay final wages and provide accurate itemized wage statements to be preempted); *see also Lopez v. S E Pipe Line Constr. Co.*, 2024 WL 171391, at *5 (S.D. Cal. Jan. 16, 2024) (finding preemption for derivative claims for failure to timely pay wages and inaccurate

wage statements to extent each claim was premised on overtime violation).

27. The Court has supplemental jurisdiction over Plaintiff's remaining causes of action brought under state law. The district courts may exercise supplemental jurisdiction over state-law claims that form part of the same case or controversy as the federal claims. See 28 U.S.C. § 1367(a); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

28. The remaining causes of action in this matter allege violations of various state wage-and-hour laws, and arise out of a common nucleus of operative fact with the preempted overtime claim. *See Gibbs*, 383 U.S. at 725; *see also Brown v. Brotman Med. Ctr., Inc.,* 571 F. App'x 572, 576 (9th Cir. 2014) ("a district court may exercise supplemental jurisdiction over claims that are brought in conjunction with claims that are preempted by the LMRA"); *Jimenez v. Young's Mkt. Co., LLC*, 2021 WL 5999082, at *13 (exercising supplemental jurisdiction over minimum wage, rest period, and unpaid wage claims where overtime and meal period claims preempted by LMRA).

29. Thus, this Court has supplemental jurisdiction over the state claims asserted in the Complaint pursuant to 28 U.S.C. § 1367(a). The state law claims are properly removed pursuant to 28 U.S.C. § 1441(c).

## V.  NOTICE

30. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal and a Notice of Filing of this Notice of Removal is being served upon Plaintiff through his attorney of record and upon the Clerk of the Superior Court for the State of California, County of Contra Costa.

31. JMH is the sole named defendant in this action. The other defendants, designated "DOES 1 through 50" are fictitious defendants. To the knowledge of JMH, none of these fictitious defendants have been served. Thus they do not have to join in this Notice of Removal. 28 U.S.C. § 1446(b)(2)(A) (requirement for unanimous consent of defendants "properly joined and served"); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193, fn. 1 (9th Cir. 1988) (rule requiring defendants in state action to join petition of removal applies "only to defendants properly joined and served in the action").

## VI. STATE COURT PROCEEDINGS

32. Copies of all state court pleadings and orders are attached to this Notice of Removal. Defendant attaches and incorporates by reference true and correct copies of the following pleadings and other documents that were previously filed with the state court:

**Exhibit 1** – Plaintiff's Summons and Complaint, including Summons, Complaint, Notice of Case Assignment, and Civil Case Cover Sheet.

**Exhibit 2** – Defendant JMH's Answer and Affirmative Defenses

**Exhibit 3 –** Defendant JMH's Notice of Related Cases

**Exhibit 4** – Registrar of Actions

## VII. PRAYER

33. WHEREFORE, pursuant to 28 U.S.C. sections 1441 and 1446, Defendant John Muir Health requests that the above action pending in the Superior Court of California, County of Contra Costa be removed from that court to this Court.

DATED: February 16, 2023

Respectfully submitted,

By: _____
Josiah R. Jenkins
Attorneys for Defendant John Muir Health